IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Jay Connor,                                    )
                                               )    Civil Action No.  2:12-1421-CWH-BHH
                          Plaintiff,           )
                                               )
             vs.                               )    **ORDER AND REPORT AND**
                                               )    **RECOMMENDATION OF**
                                               )    **MAGISTRATE JUDGE**
Honeywell International Inc., ISI Alarms        )
NC, Inc., Jayson Waller and John Doe,          )
                                               )
                          Defendants.          )
                                               )

This matter is before the Court on the defendants' motions to dismiss [Doc. 25, 26, 27], pursuant to Federal Rule of Civil Procedure 12, and the plaintiff's motion to amend his Complaint [Doc. 32].  The plaintiff alleges claims pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA" or the "Act"), 47 U.S.C. § 227.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff alleges that he received the two Calls on December 8, 2011 and December 16, 2011, respectively. (Compl., ¶¶ 24, 33.)  He contends that the two phone calls each violated three (3) different provisions of the TCPA.  Specifically, the plaintiff claims violations of 47 U.S.C. § 227(b)(1)(B), which prohibits the use of prerecorded messages for telemarketing purposes in the absence of the consumer's express consent, and violations of regulations promulgated under 47 U.S.C. § 227(d), which provides technical and procedural requirements applicable to certain telemarketing calls.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant Honeywell first contends that the plaintiff has improperly conflated the culpability of all the defendants by pleading allegations against them corporately and, therefore, not distinguishing their conduct.  The defendant contends that Federal Rule of Civil Procedure 8 requires that "[w]hen a complaint involves multiple parties and multiple claims, each claim should make it clear which defendant or defendants are alleged to have committed which wrong."  *Washington v. Thomas*, 2009 WL 1424193, at *2 (E.D. Mich. May 18, 2009).  The Court was initially inclined to allow the plaintiff an opportunity to amend

to make clear which conduct is attributable to which defendant.  But, the plaintiff has represented that it is his view the defendants were acting in concert to make the calls in question, representing themselves as one entity.  (Pl. Resp. at 1.)  His Complaint bears witness.  In fact, he very precisely avers that on both calls the representative identified as being associated with "ISI/Honeywell."  (Compl. ¶¶ 30, 39.)  At worst, he does not know.  But, the Court would not make him artificially distinguish conduct, which he contends was undertaken jointly.  His Complaint is adequate in this respect.  The defendant is not somehow prejudiced by any slight want of clarity.  It can ask about it, in discovery, and deny, in defense, at pleading or on summary judgment, conduct about which it is unaware or for which no evidence exists.  But, the defendant cannot now contend that it has no notice of the conduct alleged against it – the plaintiff has accused it of essentially everything involved in the matter.  The Complaint does not reflect laziness or obscurity.  The plaintiff confesses reason to believe the defendants participated together:  he answered the calls.

Defendant Honeywell next contends that the plaintiff's claims pursuant to 47 C.F.R. §§ 64.1200(b)(1) and (b)(2) should be dismissed because those provisions do not provide for any private right of action.  The plaintiff seems to concede the point as he makes no response to it.  Moreover, no private cause is, in fact, available, as the defendant represents.  *See Dr. Stuart T. Zaller, LLC v. Pharmawest Pharmacy, Ltd.*, 2011 WL 5508912, at *2 (D. Md. Nov. 8, 2011) ("Courts have found that the lack of an express private right of action in § 227(d) limits private suits for violation of the TCPA's notice provisions, allowing enforcement of this latter subsection only by state attorneys general."); *Adler v. Vision Lab Telec., Inc.*, 393 F. Supp. 2d 35, 38 (D.D.C. 2005) (holding that section 227(d) does not provide for a private right of action and, therefore, dismissing claim).  Accordingly, the claim should be dismissed.

Thirdly, Defendant Honeywell contends that the plaintiff's claims pursuant to 47 U.S.C. § 227(b)(1)(B) should be dismissed because the plaintiff does not specifically allege

that Honeywell initiated either of the two calls and there is no third-party liability under the TCPA.  Respectfully, this is simply untrue, as the Court has already discussed.  Defendant Honeywell is repeatedly alleged to have made the calls.  (Compl. ¶¶ 15, 16, 17, 24, 30, 39, 42.)  The fact that the plaintiff has been overprecautious to also allege in many of those same instances that such calls may have been made "on behalf of" or "by those on their behalf" is of no moment.  The plaintiff does not know the full circumstances and, in a way as is typical to initial pleading, he simply means to be as broad or specific as his knowledge permits and as might allow for various possible claims.  To the extent the defendant proves it did not directly initiate any such calls and that they were only made on its behalf, Honeywell may re-raise its defense then.  But, for now, the point is too finely made.  The plaintiff very directly claims that Honeywell made the calls.  This allegation appropriately implicates 47 U.S.C.  § 227(b)(1)(B).

Defendants ISI Alarms NC Inc. and Jayson Waller's motions to dismiss contain no argument or explanation as required by the Local Rules of this District.  *See* Local Rule 7.04 DSC.  They should be denied.

The plaintiff has also sought to amend his Complaint.  The proposed Complaint appears to make additional allegations concerning the potential third-party liability of the defendant Honeywell.  Defendant Honeywell also complains that the proposed pleading continues to "lump" the defendants' conduct together.  As already considered, none of these concerns persuade the undersigned.  And, even as the plaintiff attempts to become more detailed in his allegations concerning some kind of vicarious or indirect liability the Court cannot see how it matters.  Honeywell continues to be accused of direct conduct in the amended Complaint in all the same ways it was in the original.  The defendant's vigorously made legal argument as to "on behalf of" liability, therefore, does not somehow save them from defending the case.  The Court can only imagine that the defendant's two positions taken together aspire to demonstrate that, were its conduct teased out more expressly from

4

that of the other defendants, it would be viewed strictly as a third-party bystander not subject to any liability.  But, the Court cannot be any more clear: the plaintiff has pled much, much more.  Namely, Honeywell is alleged to have made illegal calls, itself.  The Court would reserve, therefore, consideration of any finer and alternative grounds for liability to a later time, if at all.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that Defendant Honeywell International Inc.'s motion to dismiss [Doc. 27] should be GRANTED in part and DENIED in part.  Specifically, the defendant's motion as to any claims pursuant to 47 C.F.R. §§ 64.1200(b)(1) and (b)(2) should be GRANTED.   In all other respects, the motion should be DENIED.  It is further RECOMMENDED that Defendant ISI Alarms NC, Inc.'s and Jayson Waller's motions to dismiss [Docs. 25, 26] should be DENIED.  It is hereby ORDERED that the plaintiff's motion to amend is GRANTED.  The plaintiff shall file an amended complaint within ten (10) days of this Order.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge


November 13, 2012
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).